IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIXTO HERNANDEZ HERNANDEZ, </br></br> Petitioner, </br></br> v. </br></br> JEFFREY CRAWFORD, Warden, Farmville Detention Center, *et al.*, </br></br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 1:25-cv-01565-AJT-WBP |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Petitioner Sixto Hernandez Hernandez's Amended Petition for Writ of Habeas Corpus, [Doc. No. 7] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody, arguing that his ongoing detention violates his constitutional due process rights (Count I) and his Eighth Amendment right to protection from cruel and unusual punishment (Count II). The Respondents opposed the Petition. [Doc. No. 11]. For the following reasons, the Petition is GRANTED.

**I.   BACKGROUND**

Petitioner Sixto Hernandez Hernandez (the "Petitioner") is a citizen of El Salvador and entered the United States in 2017 without being admitted, shortly after which he encountered U.S. Customs and Border Protection agents who detained him for a day. [Doc. No. 7] ¶ 34; [Doc. No. 11-1] ¶ 6. Petitioner was placed in removal proceedings under 8 U.S.C. § 1229a and on or about August 10, 2022, the Immigration Court, acting at the direction of the DHS, granted dismissal of

Petitioner's removal proceedings. [Doc. No. 11-1] ¶ 9; [Doc. No. 7] ¶¶ 34–36. Petitioner has no criminal convictions and pays taxes based on a lawfully issued Social Security Number. *Id.* ¶ 42–43. He provides for his daughter, who is a U.S. citizen. *Id.*

On August 18, 2025, Petitioner was arrested in Washington, DC and taken to an ICE Field Office in Chantilly, Virginia, where he was held for two days before being transferred to the Farmville Detention Center, where he is currently being detained. *Id.* ¶¶ 1, 37, 39, 40–41. On August 19, 2025, Petitioner was issued a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States. [Doc. No. 11] at 5. At a bond hearing on September 11, 2025, an Immigration Judge determined that the Immigration Court did not have jurisdiction to issue a bond in light of a decision from the BIA, *Matter of Yajure-Hurtado*, which found that any noncitizen present in the United States without having been inspected and admitted is subject to detention under 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a). [Doc. No. 7] ¶ 15. On September 17, 2025, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, and Protections under the Convention Against Torture as a form of relief from removal, and is scheduled for an individual hearing on the merits of his application on October 22, 2025. *Id.* ¶ 44; [Doc. No. 11-1] ¶ 15.

On September 29, 2025, Petitioner filed the present Petition, [Doc. No. 7] and Respondents filed an opposition on October 2, 2025, [Doc. No. 11].

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the

matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.   DISCUSSION

Petitioner contends that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates (1) Petitioner's constitutional substantive and procedural due process rights (Count I) and his Eighth Amendment right to protection from cruel and unusual punishment (Count II).[1] He requests that he be released, or in the alternative, that he be given a bond hearing pursuant to 8 U.S.C. § 1226 at which Respondents must prove by clear and convincing evidence that Petitioner poses a danger to the community, or by a preponderance of the evidence that he is a flight risk. [Doc. No. 12] at 14–15. In their opposition, Respondents argue that this Court lacks jurisdiction over Petitioner's challenge and that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). [Doc. No. 11].

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country

---

[1] Petitioner's also requests attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). [Doc. No. 7] at 15. The Court finds that Petitioner has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. *Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021); *Luna Quispe v. Crawford*, 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025).

without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 11] at 9–19.

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention since, as the Court held in *Luna Quispe*, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. No. 1:25-CV-1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). With respect to the substance of Petitioner's claim, for all the reasons previously stated in *Luna Quispe*, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures.[2] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully).[3] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission

---

[2] Respondents' contention that this Court previously noted that "'arriving aliens' and 'applicants for admission' are the same" and "that only arriving aliens can be subject to mandatory detention," [Doc. No. 11] (citing *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025)), is plainly wrong. In *Luna Quispe*, this Court held that to be treated as an "applicant for admission" under § 1225(b), an individual must be actively seeking admission but did not hold that only arriving aliens can be subject to mandatory detention. *Luna Quispe*, 2025 WL 2783799, at *6.

[3] Respondents' reliance on *Lopez-Sorto v. Garland*, 103 F.4th 242 (4th Cir. 2024) and *Jimenez-Rodriguez v. Garland*, 996 F.3d 190 (4th Cir. 2021) is likewise misplaced. In *Lopez-Sorto*, the Fourth Circuit distinguished between an individual that "crosses the border into the country without authorization and without going through the regular procedures of admission" and one that enters through "parole," holding that an entry through parole "does not constitute an admission." 103 F.4th at 252. Importantly, the court did not hold, as Respondents contend, that an individual cannot be physically present in the United States if they are not also admitted. *Id.* Likewise, *Jimenez-Rodriguez v. Garland* is unpersuasive, as the Fourth Circuit considered in that case the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not, as Respondents contend, the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021).

into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioner has been present in the United States since 2017 and thus falls in the former category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[4]

With respect to Petitioner's due process claim, Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 11] at 19–27. Having determined that Petitioner's detention is governed by section 1226, the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[5] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

---

[4] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection."). *Id.* at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).

[5] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

## IV.   CONCLUSION

For all the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Petitioner be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is further

**ORDERED** that Respondents are ENJOINED from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2) if Petitioner is granted bond; and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
October 16, 2025

/s/
Anthony J. Trenga
Senior United States District Judge