IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIXTO HERNANDEZ HERNANDEZ, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Civil Action No. 1:25-cv-01565-AJT-WBP |
| JEFFREY CRAWFORD, Warden, Farmville Detention Center, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

# **ORDER**

Petitioner has filed an Emergency Motion for Modified Order, [Doc. No. 16], (the "Motion"), in which he seeks a further order enjoining the Respondents from re-detaining him after the issuance of a removal order at his immigration hearing scheduled on October 22, 2025. Respondents have filed an opposition to the Motion on the grounds that it is speculative whether the Petitioner will have a removal order entered against him, and if so, whether he would be detained based on that removal order, in light of which Petitioner does not currently have standing to seek the requested relief and this Court therefore does not have jurisdiction. [Doc. No. 17]. Nevertheless, the Respondents agree that Petitioner's pre-removal order detention is governed by either §§ 1225 or 1226 until his removal order becomes final. [Doc. No. 17] at 2–3.[1]

---

[1] Since the Court has already determined that Petitioner's prior detention was governed by Section 1226 and Petitioner is currently released by Order of the Immigration Judge based on his posting a $5,000 bond, it would appear that the Respondents agree that his continued detention, even after the issuance on a non-final removal order, would be subject to the Court's release Order, Doc. No. 14. Nevertheless, Respondents appear to argue that Petitioner's Section 1226 bond release notwithstanding, Respondents could re-detain the Petitioner based on the issuance of a non-final removal order pursuant to regulations, with Petitioner then forced to re-apply under Section 1226 for another bond release hearing. Without ruling on that issue in advance of it being presented to the Court, it would appear that position has some of the same flaws as the Respondents' reliance on the automatic stay provision under 8 C.F.R. § 1003.19(i)(2)

1

Based on the current record, the Court cannot determine that further relief is appropriate at this time and for that reason, Petitioner's Motion is premature and therefore **DENIED** without prejudice.[2]

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
October 22, 2025

/s/
Anthony J. Trenga
Senior United States District Judge

---

to undo an Immigration Judge's bond determination under Section 1226, *see Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025), and the restrictions on detention under 8 U.S.C. § 1231(a), and that in the event of a nonfinal removal order, the proper course would be for the Respondents to seek review of Petitioner's release status, in the first instance, before the Immigration Judge for further consideration under Section 1226, rather than initiating a re-detention of the Petitioner on its own, although, even then, the Court would need to consider the relationship between the authority to detain under Section 1231 and the discretion conferred under Section 1226.

[2] Should circumstances change, the Court is available to address any additional requests for relief on an expedited basis.